BENEFICIAL FINANCE COMPANY, Appellee,

v.

Evert DENTIS and Emma Dentis, Appellants.

No. 47232.

Court of Appeals of Oklahoma, Division No. 1.

July 8, 1975.

Released for Publication by Order of Court of Appeals July 31, 1975.

Richard H. Goldwyn, Tulsa, for appellee.

Baker, Baker & Martin, by C. Rabon Martin, Tulsa, for appellants.

BOX, Judge:

An appeal by Evert Dentis and Emma Dentis, defendants, from a ruling by the court that their counterclaim predicated on alleged disclosure violations was barred by statute of limitations.

This matter originated in the Small Claims Division of the District Court of Tulsa County, by the filing of a suit by Beneficial Finance Company on a loan agreement alleging defendants Evert Dentis and Emma Dentis owed a sum of $400.00. Defendants counterclaimed, alleging substantial violation of the Uniform Consumer Credit Code pertaining to omissions on Disclosure Statement provided in the Loan Agreement.

After a trial to the court and extensive briefings by both parties, the court filed a Settlement of Narrative Statement of Proceedings which included the judgment of the court as follows:

". . . [J]udgment was rendered for the plaintiff on its original cause of action and judgment was denied the defendants on their Counterclaim, . . . predicated on alleged violation of the Uniform Consumer Credit Code, is barred by the express terms of 14A Okla.Stat. Sec. 5–203(5), a special statute, which controls over 12 Okla.Stat. Sec. 273."

Defendants appeal, alleging error as to the legal ruling depriving them of their action on their Counterclaim. Plaintiffs concede that the trial court was in error, but that same was harmless error in that the trial court by its judgment found that there was not a violation of the Commercial Credit Code. We disagree with plaintiffs. Had the court found as alleged by plaintiffs, there would have been no reason for the court's specific finding regarding the defendants' Counterclaim, supra.

The court found that 14A O.S.1971, § 5–203(5), Commercial Credit Code, which reads as follows:

"No action pursuant to this section may be brought more than one (1) year after the date of the occurrence of the violation."

controls over 12 O.S.1971, § 273, which insofar as pertains to the case now under review, reads:

". . . Such setoff or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

We do not need to determine the question as to which statute prevails, i. e., a special statute or a general statute, for the reason that the court apparently overlooked the following provisions of the Uniform Consumers Credit Code, to-wit:

14A O.S.1971, § 5–205.

"Refunds or penalties to which the debtor is entitled pursuant to this Part may be set off against the debtor's obligation, and may be raised as a defense to a suit on the obligation without regard to the time limitations prescribed by this Part."

We therefore hold that the court was in error in barring defendants' Counterclaim; thus we reverse with instructions to set aside the verdict on behalf of plaintiff, and proceed accordingly.

Reversed and remanded with instructions.

ROMANG, P. J., concurs.