**BILL BROWN MTR., INC., Appellee,**

v.

**Cleota CRANE (formerly Cleota Brown), Appellant.**

No. 52320.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 26, 1978.

Released for Publication by Order of Court of Appeals Jan. 18, 1979.

Samuel K. Barton, Shattuck, for appellee.

Shirley, Stephenson & Shirley by F. Douglas Shirley, Watonga, for appellant.

BOX, Presiding Judge:

An appeal by Cleota Crane, defendant, from an order by the trial court granting plaintiff, Bill Brown Mtr., Inc., judgment against defendant in the amount of $2,000.00 plus interest at a rate of 10% per annum, an attorney's fee of $450.00, and costs.

On December 1, 1975, defendant and a Mr. Groff co-signed a promissory note, payable to the order of plaintiff, in the amount of $2,000.00 plus 10% interest. The instrument is payable at a definite time. Title 12A O.S.1971, § 3–109. The instrument contains an unconditional promise to pay with no terms or conditions affecting negotiability. Title 12A O.S.1971, § 3–112. The promissory note in this case meets the requirements for a negotiable instrument stated in Title 12A O.S.1971, § 3–104. A petition for a money judgment on said note was filed by plaintiff, on October 3, 1977.

According to statements in the deposition of plaintiff, defendant and plaintiff negotiated for the purchase of a 1971 pickup truck, following defendant's request to purchase such a truck. Plaintiff stated that the impression received at this point was that defendant was buying the pickup for Mr. Groff. Defendant received title to the truck and plaintiff stated that as far as he was concerned the pickup was being sold to defendant.

Plaintiff's brief on this appeal cites no authority and merely asserts the conclusion that there was no evidence to support the proposition that the transaction in this case was a consumer credit sale. Plaintiff's only reference to the record was to the following statement made by defendant:

No, I didn't buy it. Ed Groff bought it. He made the deal for it. I didn't, but I signed the note with him, if that's what you're asking me.

Plaintiff further asserts that defendant did not use the truck and that Mr. Groff used the pickup for business purposes.

■ We first note that in *Hobson v. Hall,* Okl., 267 P.2d 611 (1954), the Oklahoma Supreme Court held:

### Syllabus by the Court

*Where* plaintiff in error has served and filed his brief in compliance with the rules of court, and the *defendant in error has neither filed a brief nor offered any excuse for his failure to do so, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained,* but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions. (Emphasis supplied.)

In the instant case plaintiff submitted a brief, but fails to cite any authority to support his arguments. Where an appellee neither cites authority nor gives pertinent reference to something in the record dispositive of a case, it is tantamount to failure to submit a brief.

Defendant urges that the transaction in the instant case meets the definition of a consumer credit sale recited at Title 14A O.S.1971, § 2–104(1), as follows:

> Except as provided in subsection (2), "consumer credit sale" is a sale of goods, services, or an interest in land in which
>
> (a) credit is granted by a person who regularly engages as a seller in credit transactions of the same kind;
>
> (b) the buyer is a person other than an organization;
>
> (c) the goods, services, or interest in land are purchased primarily for a personal, family, household, or agricultural purpose;
>
> (d) either the debt is payable in installments or a credit service charge is made; and
>
> (e) with respect to a sale of goods or services, the amount financed does not exceed Twenty-five Thousand Dollars ($25,000.00).

■ Plaintiff stated in his deposition that he regularly engaged, as a seller, in credit transactions of the kind involved in this case. The buyer in this case is a person other than an organization. Affidavits by Mr. W. W. Goines, Ms. Elaine Goines, and defendant assert that the vehicle involved in this case was used primarily for personal and family purposes. The debt in the instant case was payable in $100.00 installments and a 10% interest charge was assessed. The amount financed was less than $25,000.00. Accordingly, we find that the record indicates the transaction in this case was a consumer credit sale.

■ Plaintiff's attorney argues that Mr. Groff was the buyer of the vehicle rather than defendant. However, plaintiff states in his deposition that defendant requested to purchase a truck, negotiated for the truck, received title to the truck and was considered by plaintiff to be the buyer of the truck. Plaintiff stated, in his trial brief in support of a motion for summary judgment, that it was an undisputed fact that defendant purchased the pickup truck from plaintiff for $2,000.00. Plaintiff has failed to show how defendant's status, as a non-user of the vehicle, takes her out from under the protection of the Uniform Consumer Credit Code.

■ Plaintiff clearly indicated that he would not extend credit to Mr. Groff and that the transaction was being made with defendant. Title 14A O.S.1971, §§ 2–301, 302 require that the seller disclose to the buyer to whom credit is extended, in a consumer credit sale, all information required by the Consumer Credit Code and The Federal Consumer Credit Protection Act. A clear, conspicuous written disclosure of the credit terms of the agreement must be delivered before credit is extended. The only written document received by either defendant or Mr. Groff, at the time credit was extended, was the title to the vehicle.

Failure to properly disclose information as required entitles the person entitled to said information to twice the amount of the finance charge, not to exceed $1,000.00, plus attorney's fees and costs. Title 14A O.S. Supp.1976, § 5–203.

In the instant case, plaintiff took a negotiable promissory note as evidence of the obligation of defendant buyer. Title 14A O.S.1971, § 2–403 states, in part:

> In a consumer credit sale . . . the seller or lessor may not take a negotiable instrument other than a check as evidence of the obligation of the buyer
> . . . .

If a creditor violates the provisions of the Consumer Credit Code, regarding negotiable instruments, the debtor is excused from the credit service charge and a penalty may be assessed by the court not to exceed three times the service charge. Title 14A O.S. 1971, § 5–202(1).

It is noted that no action may be brought pursuant to Section 5–203 more than one year after the violation. However, penalties to which a debtor is entitled, pursuant to Part 5 of the Consumer Credit Code, may be raised as a defense to a suit, allowing for a set off against the debtor's obligation, without regard to time limitation. Title 14A .O.S.1971, § 5–205. Counterclaims, alleging disclosure violations under the Consumer Credit Code, are not barred by the one year statute of limitations mentioned in Section 5–203. *Beneficial Finance Company v. Dentis,* Okl.App., 538 P.2d 614 (1975).

We find that the trial court correctly determined defendant to be obligated on the promissory note in question. However, we further find that the trial court failed to consider applicable parts of the Oklahoma Uniform Consumer Credit Code in granting plaintiff an unmitigated judgment for $2,000.00 plus interest, an attorney's fee, and costs.

In that the record does not provide sufficient information for this Court to accurately and with certainty make the necessary calculations, the case is remanded to the trial court to re-determine these matters as the evidence may warrant and for such further proceedings as may be required, under the circumstances, not inconsistent with the views herein set out.

Each party will be responsible for his own attorney's fee regarding this appeal.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

ROMANG and REYNOLDS, JJ., concur.