594 P.2d 351

**ROGERS MORTUARY, INC., a New Mexico Corporation, Plaintiff-Appellee,**

v.

**John G. WHITE, Defendant-Appellant.**

**No. 3653.**

Court of Appeals of New Mexico.

April 10, 1979.

Bradley D. Tepper, Menig, Sager, Curran & Sturges, Albuquerque, for defendant-appellant.

Roberto C. Armijo, Las Vegas, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Plaintiff sued defendant for the balance due on a Funeral Purchase Agreement entered into between plaintiff and defendant. The trial court held for plaintiff that as a matter of law the CCPA, Title I, known as the Truth in Lending Act (The Act) was inapplicable to the transaction. The jury returned a verdict for plaintiff on the balance due. Defendant appeals from the judgment entered. We affirm.

On appeal, defendant claims plaintiff violated The Act and therefore defendant was entitled to a directed verdict. In the alternative, defendant contends this issue of plaintiff's violation of The Act should have been submitted to the jury. We disagree.

On March 28, 1975, plaintiff and defendant entered into a Funeral Purchase Agreement. The pertinent terms of the agreement read:

TERMS: The debt ($1062.36) represented by this agreement is due upon completion of the services to be rendered. However, no interest will be added for a minimum of 30 days, after which ¹⁄₁₂ of the annual maximum rate of legal interest permissible will be charged monthly on any balance past due.

The funeral was held and services performed on March 29, 1975. The debt was due on that date.

This case is governed by § 103(f) and (e) of The Act (15 U.S.C.S. § 1602(f) and (e)).

Section 1602(f) and (e) read in pertinent part:

(f) The term "creditor" refers only to creditors who regularly extend . . . credit . . . for which the payment of a finance charge is or may be required, whether in connection with . . . sales of . . . services, or otherwise. . . .

(e) The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

The Federal Reserve Board issued a set of regulations known as Regulation Z which is codified in Title 12, Part 226 of the Code of Federal Regulations. Regulation Z, § 226.4(c) reads in pertinent part:

A late payment . . . is not a finance charge if imposed for actual unanticipated late payment . . . .

The question for decision is:

Was plaintiff a creditor within the definition of The Act? In other words was plaintiff a person who permitted defendant to defer payment of the debt incurred in the Funeral Purchase Agreement and required defendant to pay interest or a finance charge?

The answer is "No." Plaintiff was not such a creditor and was not, therefore, governed by The Act. *Bright v. Ball Memorial Hospital Ass'n, Inc.*, 463 F.Supp. 152 (D.Ind. 1979).

The Act was created to assure "meaningful disclosure of credit terms" to enable consumers to compare credit prices and to "avoid the uninformed use of credit." 15 U.S.C.S. § 1601.

Examples of situations which The Act was designed to address are personal loans made by a consumer finance company or bank, retail installment sales from a department store or auto dealer, and sales or

loans made pursuant to a credit card. Warren-Larmore, *Truth in Lending: Problems of Coverage*, 24 Stanford L.Rev. 793 (1972).

■ The Funeral Purchase Agreement does not fall within any of the above categories. Credit is extended when a consumer incurs a debt and the parties agree to a repayment schedule which allows for the deferred payment of the debt (Id. 796).

We find no provision in the Funeral Purchase Agreement that extends "credit" to defendant. There is nothing in the Agreement granting defendant the right to defer payment of the debt or the right to repay the debt under a repayment schedule. The debt incurred was due on March 29, 1975, the day the funeral services were performed. However, if defendant failed to pay this debt for more than 30 days, and was late in payment thereafter, then defendant was charged with interest each month on any balance past due. This does not constitute a finance charge. *Garland v. Mobil Oil Corporation*, 340 F.Supp. 1095 (D.C.Ill.1972).

Defendant was the only party attempting to interpret the Agreement as an extension of credit. On July 8, 1975, some 13 weeks after the debt was incurred, defendant mailed plaintiff $100.00 as a part payment and wrote:

> Please do not expect me to pay you any interest in this indebtedness . . . so please do not add this to the debt.

On April 6, 1976, a year after the debt was due and payable, defendant wrote plaintiff:

> I shall be willing to pay you $100.00 per month until the bill is paid, with a reasonable amount of interest.
>
> Now, you are demanding the full amount of which I do not have, and I do not know when I shall have it all in one lump sum. I am sure that no just court shall expect me or anyone else to pay that does not have it. Now, if you want that kind of a settlement kindly let me know—so I may get this bill straightened out and settled.

Plaintiff rejected defendant's offer to pay in installments.

On August 3, 1976, plaintiff filed its complaint to recover $962.36, the balance due, plus interest. On November 21, 1977, 15 months thereafter, defendant offered plaintiff judgment in the amount of $627.36. This offer was not accepted. Around January 20, 1978, two months before trial, defendant paid plaintiff on account an additional sum of $600.00. As each payment was made by defendant, plaintiff insisted on payment of the entire debt. The payments were not accepted as "installment" payments or as an extension of "credit."

On March 27, 1978, 3 years after the debt was incurred, and 19 months after the complaint was filed, defendant went to trial before a jury to avoid payment of $362.36 plus interest, the balance due on the Funeral Purchase Agreement. On May 16, 1978, after judgment was entered, defendant gave notice of appeal, posted a supersedeas bond in which $802.00 was deposited in the registry of the court, paid costs of appeal in the sum of $275.24 and an unknown amount in attorney fees.

Defendant did not establish an extension of credit. Defendant sought to avoid payment of a just obligation. Plaintiff was not a creditor as a matter of law.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and ANDREWS, J., specially concurring.

WOOD, Chief Judge and ANDREWS, Judge (specially concurring).

The evidence does not establish a relationship between the parties other than as stated in the Funeral Purchase Agreement. That agreement does not show an extension of credit within the meaning of 15 U.S.C. § 1602(e). We concur in the portion of the opinion which discusses the statute and the result reached. However, the comments on the efforts of defendant to "create" an extension of credit and to avoid payment are unnecessary. We do not join in those comments.