SEALEY, APPELLANT, *v.*
BOULEVARD CONSTRUCTION COMPANY, APPELLEE.

(No. 42348—Decided December 24, 1980.)

*Mr. Paul A. Mancino, Jr.,* for appellant.
*Messrs. Negin & Negin* and *Mr. Morton S. Negin,* for appellee.

JACKSON, P. J.   On April 11, 1978, the appellant, Mary Sealey, brought suit against the appellee, Boulevard Construction Company, alleging that the appellee had breached a construction contract executed by the parties. Specifically, the appellant claimed that the appellee had failed to complete the installation of aluminum siding, and had otherwise damaged the home of appellant by performing the work in a negligent and careless manner. The appellant prayed for compensatory damages of $25,000 and punitive damages of $50,000. Prior to trial the appellant voluntarily dismissed her complaint.

The appellee counterclaimed for $2,485, the balance due under the contract. In her reply to the counterclaim the appellant asserted that the contract was in violation of the Truth in Lending Act (Section 1601 *et seq.*, Title 15, U. S. Code) and that she was entitled to damages and attorney's fees under the provisions of that Act. The trial court awarded judgment to the appellee for the full amount of $2,485.

The appellant filed a timely notice of appeal. The entire transcript of the proceeding in the Court of Common Pleas of Cuyahoga County was not submitted to this court by appellant. The only portions of the record submitted on appeal are the statements of the trial judge at the close of the case, and the exhibits which were marked and presumably admitted in evidence. The appellant cites three assignments of error for our review.

In the first error assigned the appellant contends that:

"The court committed prejudicial error in determining that there was no violation of the Federal Truth in Lending Act."

The appellant argues that since the contract between the parties does not disclose that, in the event of default, the appellee could obtain a mechanic's lien on the appellant's property, that the contract is in violation of the Truth in Lending Act.[1] The threshold issue is whether the provisions of the Truth in Lending Act are applicable to the contract between the parties.

Chapter 2 of Title I of the Act (Sections 1631 to 1645, Title 15, U. S. Code) requires "creditors" to make detailed disclosures of finance terms and other provisions of "consumer credit transactions." The duty to disclose the possibility of the filing of a mechanic's lien was inferred by this court from Section 1635(a),[2] which expressly applies to "creditors" in "consumer

---

[1] In *Collinwood Shale, Brick & Supply Co.* v. *Binder* (1978), 60 Ohio App. 2d 91, this court stated that contracts subject to the Truth in Lending Act must clearly explain to the consumer what security interests the creditor could obtain in the property of the debtor. We specifically held that home improvement contractors must disclose to the homeowner the possibility that mechanics' liens could be placed on the property in the event of non-payment.

[2] Section 1635(a), Title 15, U. S. Code, provides in part:

"Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is ex-

credit transactions." *Collinwood Shale, Brick & Supply Co.* v. *Binder* (1978), 60 Ohio App. 2d 91. There is no dispute that the contract between the parties represented a transaction and that the appellant was a consumer.

The terms "credit" and "creditor", at the time of the execution of this contract, were defined under the Act as follows:

"(e) The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

"(f) The term 'creditor' refers only to creditors who regularly extend, or arrange for the extension of, credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services, or otherwise. * * * "Sections 1602(e) and (f), Title 15, U. S. Code (see Pub. L. 90-321, 82 Stat. 147).

It is apparent that this transaction did not involve the use of "credit", and that the appellee was not a "creditor" within the meaning of the Truth in Lending Act. The contract between the parties contained the following provisions regarding payment:

"(1) Cash Price........................$3,485.00
        (including sales tax)
"(2) Cash Downpayment...................$1,000.00
"(3) Unpaid Balance of
        Cash Price (1 minus 2)..............$2,485.00
"Cash on Completion"

The appellant was obligated under the contract to pay the appellee "the unpaid balance of the cash price" upon completion of the installation of the aluminum siding. The contract makes no provision for deferment of payment. We are persuaded that this transaction did not involve the use of "credit" as defined by Section 1602(e), Title 15, U. S. Code. Moreover,

pected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section."

no finance charge was contracted for or demanded as required by the Act. Since the testimony of the witnesses is not before the court, the record does not demonstrate whether the appellee regularly extends or arranges for the extension of such credit. It appears from the contract that the appellee did not extend such credit in the case at bar, and that it is not a "creditor" within the meaning of Section 1602(f), Title 15, U. S. Code.

The Court of Appeals of New Mexico reached the same conclusion in *Rogers Mortuary, Inc.,* v. *White* (1979), 92 N.M. 691, 594 P. 2d 351. The entire contract price in that case was due upon completion of the funeral services. The court found that this did not constitute a "deferment" of payment under the Truth in Lending Act.

Because we find that the contract between the parties did not involve the extension of "credit" and that the appellee was not a "creditor" within the meaning of the Act, the contract is not subject to the disclosure requirements of the Truth in Lending Act. The first assigned error is not well taken.

The appellant contends in the second assigned error that:

"The court committed prejudicial error in awarding the defendant interest from September 20, 1975 rather than the date of judgment."

The trial court found that the appellee had substantially completed the contract by September 20, 1975, and awarded the appellee the unpaid portion of the contract price with six percent per annum interest as of that date. The authority of the court to award prejudgment interest is derived from R. C. 1343.03, which stated (see 129 Ohio Laws 173):

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of six per cent per annum, and no more."

The trial court found that the contract price became due and payable on September 20, 1975, because the construction contract had been substantially performed by the appellee.

The Ohio Supreme Court has held that a contractor is entitled to the entire contract price upon substantial performance, less any damages resulting from the contractor's failure to strictly comply with the agreement:

"A contractor for building a house, who has fairly endeavored to perform his contract, and has in fact substantially performed it, may, in an action on the contract, recover the agreed price for the work, less any damages the owner may have sustained by reason of the failure to strictly comply with the agreement." *Kane* v. *Stone Co.* (1883), 39 Ohio St. 1, paragraph two of syllabus.

Where a contractor fails to strictly comply with an agreement, the *entire* amount of the contract price is not "due and payable"; under such circumstances it would be error for the trial court to award prejudgment interest pursuant to R. C. 1343.03.

In the case at bar, however, there is nothing in the record to indicate that the appellee failed to strictly comply with the provisions of the contract. Nor does the record negate the conclusion reached by the trial court that appellee had substantially performed the contract. The transcript of the trial was not transmitted to this court for purposes of this appeal. The pertinent exhibits—a series of pictures of the house—do not demonstrate that appellee breached the contract. In its statement to the attorneys following the trial, the court found that the appellee had substantially performed the contract. The court did not state that the appellee failed to strictly comply with the contract.

In the absence of anything in the record which would disclose that the appellee failed to strictly comply with the contract, we must affirm the decision of the trial court awarding prejudgment interest as of the date of substantial performance. The second assigned error is not well taken.

The third assignment of error charges prejudicial error by the court:

" * * * in ruling that the plaintiff had to introduce expert evidence concerning the amount of damages in order to recover for omissions of the defendant in the performance of its contract."

The appellant claims that the trial court stated to the attorneys that the appellant had the duty of presenting expert

evidence as to the value of the alleged defects in the appellee's performance. The court actually stated as follows:

"The Court finds, as a matter of fact, that substantial performance was accomplished by the contracting company.

"There are a number of items that are apparently disputed by the home owner in this case. However, there has been no evidence which would cause this Court to change its view that substantial performance was accomplished and that there has been no evidence to show the value of any of the items which were described as not having been accomplished. For that reason, the measure of damages fixed by law is the contract price. This is particularly applicable in circumstances where the party obliged to make payment for these services or merchandise has not made a clear, concise statement at any prior time of the claimed defects or inadequacies.

"In this case there was evidence that the home owner had some dissatisfaction with some of the services, but there was no evidence that the home owner ever listed in a clear, concise fashion what those objections or inadequacies were, nor that the home owner ever made efforts to make the premises available for remedy of those claimed defects or inadequacies.

"The contractor does not have an obligation to guess what the home owner may think are inadequacies. And the evidence in this case is that there were variations in what the home owner thought from one occasion to the other with the form of the inadequacies. And there is further evidence, satisfactory to the Court, that the home owner did not cooperate in efforts made by the contractor to remedy those defects if they could be determined and discovered.

"So putting all those things together, the law requires me to rule on the measure of damages for the inaction on the contract, or the contract damages."

It is clear, therefore, that the trial court did not hold that expert testimony was essential for determining the value of the appellant's alleged damages.

The third assigned error is not well taken.

Accordingly, the decision of the trial court is affirmed.

*Judgment affirmed.*

DAY and CORRIGAN, JJ., concur.