STERLING'S SERVICE, Plaintiff and Respondent,

v.

Robert B. MAUGHAN and Candy Maughan, husband and wife, Defendants and Appellants.

No. 16918.

Supreme Court of Utah.

Aug. 28, 1981.

George W. Preston, Logan, for defendants and appellants.

Raymond N. Malouf, Jr., Logan, for plaintiff and respondent.

DEE, District Judge:

Defendants appeal from an order dismissing their counterclaim for damages, penalties, and attorney's fees alleging violations of the Uniform Consumer Credit Code (hereinafter "UCCC"). Judgment on the original case was entered for plaintiff awarding him amounts remaining due on two transactions plus interest at 6 percent, U.C.A.1953, 15–1–1.

Defendants became indebted to plaintiff between 1973 and 1977 for purchases made on an open account with plaintiff's service station and grocery store in Garden City, Utah. The parties understood that no interest would be charged as long as the account was kept current. When the account became delinquent, plaintiff made a demand for payment plus 12 percent interest. The trial court awarded principal in the amount of $2,833.19 and 6 percent interest for a 13-month period of time, during which no payments were made, totaling $3,017.35. Prior to trial, defendants paid $3,000 and the court entered judgment for plaintiff for $17.35 on this issue.

A second item of dispute was the interest to be allowed on the balance due on the sale of a snowmobile by plaintiff to defendants. The parties had signed a written agreement on this item bearing an interest rate of 18.16 percent, with the understanding that the contract would be sold to a bank. The bank refused to accept assignment of the contract. Finding that the contract had been abandoned, the trial court awarded judgment in favor of plaintiff on the balance of $1,300 owed on the snowmobile with 6 percent interest from January 25, 1975, totaling $1,690.

By this appeal, defendants seek to impose the penalty provisions of the UCCC and recover attorney's fees and costs in defending this action. They urge that plaintiff failed to qualify as a supervised financial organization under U.C.A. 1953, 70B–3–502, the penalty for which is found in 70B–5–202(2):

(2) If a creditor has violated the provisions of this act applying to authority to make supervised loans (section 70B–3–502), the loan is void and the debtor is not obligated to pay either the principal or of the loan finance charge. If he has paid any part of the principal or of

the loan finance charge, he has a right to recover the payment from the person violating this act or from an assignee of that person's rights who undertakes direct collection of payments or enforcement of rights arising from the debt.

Defendants further assert a violation of the important disclosure provisions of the act, U.C.A. 1953, 70B–2–301 to 70B–2–313 and 70B–3–301 to 70B–3–312 and claim the penalty of U.C.A. 1953, 70B–5–203:

(1) Except as otherwise provided in this section, a creditor who, in violation of the provisions on disclosure . . . fails to disclose information to a person entitled to the information . . . is liable to that person in an amount equal to the sum of:

(a) any actual damage sustained by the person as a result of the failure;

(b) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, except that liability under this subparagraph shall not be less than $100 nor greater than $1,000;

*　　*　　*　　*　　*　　*

(c) in the case of any successful action to enforce the liability provided for in this subsection (1), the costs of the action, together with a reasonable attorney's fee as determined by the court.

Clearly, the plaintiff in the present case was under the misapprehension that he was entitled to collect, upon default by the defendants, interest in the amount of 18 percent allowable under the code, even though he had not qualified as a supervised lender. It is unchallenged that no disclosure of interest rates to be charged was made by the seller. Defendants were first apprised of their possible interest liability on the open account by a complaint and on the revival, by way of pleading, of the snowmobile contract with its 18 plus percent interest rate. The trial court found the contract to have been abandoned after the bank refused to finance it and there is no evidence beyond the pleadings to indicate that either party had attempted to enforce it.

If a creditor has contracted for or received (U.C.A. 1953, 70B–3–201(1)) a charge in excess of the amount allowed by the UCCC, the debtor may recover penalties under the act. Defendants agree that there was no contract, *ab initio*, but argue that plaintiff attempted to collect excess amounts by way of legal process. Inasmuch as there was confusion as to whether the voluntary payment of $3,000 should be applied to interest or principal, defendants further claim that amounts in excess were received, although the question was resolved by the judgment.

Defendants urge that the case of *Bill Brown Mtr., Inc. v. Crane*, Okl., 589 P.2d 708 (1978) establishes their right to recover a penalty and attorney's fees and costs on their counterclaim allegation of a violation of the UCCC provisions on disclosure.

In the *Bill Brown Motor* case, the lender accepted a note co-signed by the defendant on the sale of a used automobile. The only written document received by either the defendant or the purchaser was the title to the vehicle. The Oklahoma Supreme Court held that despite the one-year limitation on bringing action under the disclosure sections, nondisclosure could be raised as a set-off against the debtor's obligation without regard to the time limitation and that defendant was entitled to twice the amount of the finance charge, not to exceed $1,000, plus attorney's fees and costs.

A case preceding the *Bill Brown Motor* case in Oklahoma, *Kuykendall v. Malernee*, Okl., 516 P.2d 558 (1973), was an action by the debtor to have a consumer loan declared void to negate the necessity of repaying either principal or interest and the court allowed the debtor to recover penalties under the section outlined above. Because the debtor had made no payments to the creditor, it was held that he was not entitled to collect additional penalties for excess charges not refunded in accordance with Section 5–202(4).

In each of the above cases, as here, no formal sales contract evidenced the loan or sale transaction and the debtor merely

signed a negotiable instrument due at a future time. Defendants here recognize the necessity of naming an occurrence determining the existence of an obligation to pay interest to bring this case within the ambit of the UCCC. For this purpose, they cite the contract on the snowmobile, the Conditional Sales Security Agreement, which the trial court found had been abandoned, and the pleadings in this case, which were amended.

It was held in *Barnes v. Helfenbein*, Okl., 548 P.2d 1014 (1976) that where a contract was not within the strict definition of either a consumer loan, Sections 3–104 and 3–105, or a consumer-related loan, Sections 3–602, 3–603 and 3–604, neither penalties nor attorney's fees provisions are applicable.

Finding that the Helfenbein loan was borrowed from a lender who was not regularly engaged in the business of lending money for a commercial purpose, and for an amount in excess of $25,000 on the solicitation of a borrower with "extensive business acumen," the court held that the provisions of the UCCC were not applicable. The court stated:

> The final issue to be decided is the right of the borrower's original attorney to recover an attorney's fee under 14A O.S. 1971 § 5–202(8). This section of the UCCC provides that the court may award reasonable attorney's fees incurred by the debtor in any case in which it is found that a lender has violated the UCCC. We find no violations of the UCCC by the lender and, therefore, the borrower's attorney is not entitled to recover attorney's fees from the lender under the UCCC.

548 P.2d at 1021.

The posture of this case is similar to that of *Rogers Mortuary, Inc. v. White*, 92 N.M. 691, 594 P.2d 351 (1979), brought under the Federal Truth in Lending Act. A funeral purchase agreement made the debt due upon completion of services, but 30 days' grace on payment was allowed, after which time, the agreement declared, interest would be charged. The court stated that such an agreement is not covered by the act: The plaintiff did not offer an agreement arranging for deferred payments on or create a right in the defendant to repay the debts under a repayment schedule. Interest charged on subsequent late payments does not constitute a finance charge, *Garland v. Mobile Oil Corporation*, 340 F.Supp. 1095 (D.C.Ill.1972).

The statement of purposes, U.C.A.1953, 70B–1–102(2), indicates a sole concern to permit and encourage the development of fair *credit* practices through disclosure, rate ceilings, and consumer education and protection in an unequal bargaining position. The UCCC makes no attempt to regulate civil procedure or reform other areas of business dealings. In the present case, no credit was extended, no interest was charged under an agreement, no repayment schedule was agreed upon; at no time was there a credit transaction within the meaning of the UCCC.

Affirmed.

HALL, C. J., and STEWART, J., concur.

HOWE and OAKS, JJ., concur in the result.

MAUGHAN, J., having disqualified himself, did not participate herein; DEE, District Judge, sat.