**L.A. GROSS & SONS, INC., Appellant,**

v.

**PARISI, Appellee.**

[Cite as *L.A. Gross & Sons, Inc. v. Parisi* (1990), 66 Ohio App.3d 697.]

Court of Appeals of Ohio,
Summit County.

No. 14369.

Decided June 6, 1990.

---

*Rex W. Miller,* for appellant.

*Hal Bowers,* for appellee.

---

BAIRD, Judge.

This cause came before the court upon the appeal of L.A. Gross and Sons, Inc. from the trial court's grant of judgment for the appellee on his counterclaim and from the denial of prejudgment interest.

L.A. Gross & Sons ("Gross") brought an action against Dante Parisi to recover an amount Parisi owed on an account. Parisi counterclaimed for breach of express warranty. The transaction giving rise to the action began when Gross sold a quantity of concrete to Parisi, who used it to lay a driveway. Parisi then proceeded to use the leftover concrete to lay the foundation of his own driveway. After pouring the leftover amount onto his driveway, Parisi notified Gross that he needed an additional six yards of concrete.

Parisi testified that Gross had the concrete delivered from a different site and that it had been in the truck for approximately four hours. Realizing that the concrete had sat in the truck too long, Parisi called Gross to complain that he would have to add water to the mixture in order to pour it, which would weaken the cement. Gross assured him that the concrete was workable. Upon receiving Gross's assurance, Parisi proceeded to use the additional cement to finish his driveway. A few months after the driveway was poured, it began to peel and crack.

At trial, Parisi did acknowledge receiving a bill from Gross for $4,400, which represented the amount due on the account. According to Parisi, he refused to pay it because of the deteriorated condition of his driveway. Parisi

submitted proof to the court that it would cost him $1,425 to replace his driveway.

Prior to trial, the parties stipulated that Parisi owed $4,400 on the account as of September 1, 1988. No stipulation was made, however, as to an award of prejudgment interest. The case proceeded to a bench trial only upon Parisi's counterclaim. The trial court found that Gross had warranted that the concrete was fit for its intended purpose and thus was liable for the defective condition of the driveway. It awarded Gross $4,400, less the damages of $1,425 awarded on the counterclaim. The court refused to award prejudgment interest to Gross. The company appeals and assigns two errors.

### Assignment of Error I

"The trial court's judgement [*sic*] denying plaintiff-appellant interest on its open account from September 1, 1988 is contrary to law."

Gross claims that the trial court should have awarded it prejudgment interest on the account on the date when payment became due, *i.e.*, September 1, 1988. Gross argues that the trial court erred in determining that Parisi's counterclaim rendered its claim on the account unliquidated when the counterclaim arose out of a transaction that was not part of the account. We agree with Gross that the assertion of a counterclaim does not make an otherwise liquidated claim unliquidated, but we base our decision on different grounds than those that Gross argues in its brief.

In a contract action where the dispute is over liability itself, but the amount of liability is not in dispute or is readily ascertainable, the court should grant prejudgment interest to the plaintiff if the plaintiff prevails upon the liability issues. See *Tony Zumbo & Son Constr. Co. v. Dept. of Transp.* (1984), 22 Ohio App.3d 141, 147, 22 OBR 381, 387, 490 N.E.2d 621, 627. See, also, *Horning–Wright Co. v. Great American Ins. Co.* (1985), 27 Ohio App.3d 261, 263, 27 OBR 304, 306, 500 N.E.2d 890, 892. In the instant case, the parties stipulated as to the amount due on the account as of September 1, 1988, as well as to Parisi's liability on the account. The only remaining issue to be determined was the amount of the setoff occasioned by the counterclaim.

The trial court based its decision for denying prejudgment interest on the appellate case, *Sealey v. Boulevard Constr. Co.* (1980), 70 Ohio App.2d 277, 24 O.O.3d 383, 437 N.E.2d 305. In that case, the appellate court, relying on an 1883 Supreme Court opinion, held that a home improvement contractor

who sues for payment for work performed cannot recover prejudgment interest when there is evidence that the contractor did not strictly comply with the home improvement contract. *Id.* at 281, 24 O.O.3d at 386, 437 N.E.2d at 307. Relying upon *Sealey, supra,* the trial court in the case at bar found that Gross's claim on the account was made unliquidated by Parisi's assertion of a counterclaim.

This court disagrees with the reasoning espoused in *Sealey* and the lower court's application of the case to the facts before it. From our review of other jurisdictions, we find that it is generally held that a single liquidated claim is not rendered unliquidated by the existence of an unliquidated counterclaim. See, *e.g., United States v. Commercial Constr. Corp.* (C.A. 11, 1984), 741 F.2d 326; *Jet Boats, Inc. v. Puget Sound Natl. Bank* (1986), 44 Wash.App. 32, 721 P.2d 18; *Twin River Constr. Co., Inc. v. Public Water Dist. No. 6* (Mo.App.1983), 653 S.W.2d 682; *Clow Corp. v. Metro Pipeline Co., Inc.* (N.D.Ga.1977), 442 F.Supp. 583; *Trimble v. American Sav. Life Ins. Co.* (App.1986), 152 Ariz. 548, 733 P.2d 1131.

While an unliquidated counterclaim does not denude the primary claim of its liquidity, it can reduce the amount upon which the interest is calculated. *Jet Boats, Inc., supra,* 44 Wash.App. at 40, 721 P.2d at 24. A counterclaim reduces the amount due on the primary claim when the counterclaim is based upon defective workmanship or other defective performance by the plaintiff of the contract on which the liquidated claim is based. *Id.* Such a counterclaim is regarded as constituting either a reduction in the amount due the plaintiff or a payment to him. *Id.* The plaintiff receives interest on the balance only, for he was deprived of this amount during the pendency of the litigation. 22 American Jurisprudence 2d (1988), Damages, Section 660.

In the instant case, Gross's claim for $4,400 due on the account was reduced by Parisi's counterclaim award of $1,425, which represented the cost of replacing his driveway. Based upon our decision that a counterclaim does not defeat a request for prejudgment interest, we find that the trial court erred in not awarding Gross prejudgment interest. The interest should have been calculated on the balance of $2,975 from the date the balance became due, September 1, 1988. Appellant's first assignment of error is well taken.

## Assignment of Error II

"The trial court's judgment in favor of defendant-appellee upon his counterclaim is against the manifest weight of the evidence."

The trial court found that Gross had represented to Parisi that the concrete was suitable for use in his driveway and that Parisi relied upon this representation when he poured the concrete. Because the concrete was unworkable, Parisi had to add water to the mixture, which weakened it considerably and caused it to crack and flake.

■ An express warranty is created by any affirmation of fact or promise made by the seller to the buyer that relates to the goods and becomes part of the basis of the bargain. R.C. 1302.26(A)(1). Gross claims that he did not breach the contract because it was Parisi's actions in adding too much water to the cement that weakened it. He testified that the concrete was in the truck for a shorter amount of time than Parisi claimed. He supported his contention with copies of the sale invoices that contained handwritten notations as to the time the truck left one site and arrived at Parisi's home. It was questionable, however, whether the notations were written on the invoices at the time Gross delivered the concrete to Parisi or whether they were added after the fact. Only the copy of the invoice retained by Gross carried the notations.

Apparently, the trial court chose to believe Parisi's version of the facts. From our review of the record, we cannot say that the trial court's judgment was against the manifest weight of the evidence.

Based upon our reversal of the trial court's failure to award prejudgment interest, we vacate the judgment as to the amount of damages and remand this case to the trial court for a determination of prejudgment interest due on Gross's claim.

*Judgment accordingly.*

REECE, P.J., and CIRIGLIANO, J., concur.