**Thomas LUKAS, Plaintiff,**

v.

**LUCCI LIMITED, INC., d/b/a Baths & Kitchens By Lucci, Defendants.**

No. 96–7300–Civil.

United States District Court, S.D. Florida.

April 30, 1997.

Philip Michael Cullen, III, Ft. Lauderdale, FL, for plaintiff.

Arthur M. Wolff, Ft. Lauderdale, FL, for defendants.

## FINAL ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court on Defendant Lucci Limited, Inc. d/b/a Baths & Kitchens by Lucci's Motion for Summary Judgment, filed December 10, 1996. The motion has been fully briefed and is ripe for disposition.

## I. BACKGROUND FACTS

This case arises from an agreement between Plaintiff and Defendant for Defendant to perform certain remodeling work in Plaintiff's home. The parties set forth the various aspects of the remodeling work on several separate documents.

Plaintiff brings this action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* alleging that Defendant, as a creditor, failed to notify Plaintiff of his rights under the Act. Defendant claims that he is not a creditor within the definition supplied in the Truth in Lending Act, and as such cannot be held liable under that Act.

## II. SUMMARY JUDGMENT STANDARD

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d

202 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. at 2553–54.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

## III. DISCUSSION

For purposes of the Truth in Lending Act, a creditor is a person who "regularly extends [1], ... in connection with ... sales of property or services, ..., consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, ..." 15 U.S.C. § 1602. In the instant action, Plaintiff argues that Defendant is a "creditor" because the several contracts documenting the various aspects of the home remodeling agreement provide for partial payment when each leg of the job is begun, and com-

---

**1.** Defendant's President indicated that Defendant typically drafts the agreement for a project on several different contracts, each detailing a separate aspect of the project, as in the instant case.

Deposition of Sigmond Lucci, at 70. The Court views the subject transaction of the instant action as representative of Defendant's regular course of business.

pleted payment for that particular job at the end of the job. As a result, Plaintiff owed money to Defendant on more than four occasions between the time that Defendant started the job and the time that Plaintiff attempted to rescind the agreement. Plaintiff contends that these payments were actually installments, and that therefore Defendant is a creditor within the meaning set forth in the Truth in Lending Act.

The underlying agreement in this transaction consisted of at least ten separate contractual documents. Of these ten documents, five required payment of half of the contract price upon signing, and the other half upon completion of the particular aspect of the project to which the contract applied. The remaining five documents required payment of half of the contract price upon signing, one quarter upon beginning the requisite work, and one quarter upon completion. With the exception of one, all of the contractual documents were signed on the same day, April 21, 1995.[2]

■ The Court finds that Plaintiff and Defendant agreed to the performance of one project with many constituent parts. Each part required partial payment upon signing of the contractual agreement, and the remainder either upon completion of the work or upon beginning and then completion of the work. This contractual design does not amount to an installment plan within the parameters of the definition of "creditor" for purposes of the Truth in Lending Act.

A state court in Ohio reached the same conclusion in a similar case involving a home improvement contract. In *Sealey v. Boulevard Construction Company*, 70 Ohio App.2d 277, 437 N.E.2d 305 (1980), the Court analyzed a home improvement contract that called for a cash downpayment at the inception of the contract, and payment of "the unpaid balance of the cash price" upon completion of the work. There, as here, there was no provision for a finance charge or deferment of payment. The Court found that the contract did not involve installment payments that would subject the contractor

to liability as a creditor under the Truth in Lending Act.

■ This Court agrees with the finding of the Ohio court in *Sealey*. Home improvement contracts that call for partial payment upon initiation of a project and payment of the balance upon completion of the project do not subject the contractor to liability as a creditor under the Truth in Lending Act. Breaking a project down into its constituent parts and detailing separate contracts and payment dates for each part, as in the instant action, does not create an installment contract for purposes of 15 U.S.C. § 1602(f).

In viewing the transaction between Plaintiff and Defendant as representative of Defendant's course of business, the Court finds that Defendant does not regularly extend consumer credit payable by agreement in more than four installments. Furthermore, Defendant did not extend credit to Plaintiff. Quite simply, Defendant Lucci is not a "creditor" within the meaning of the Truth in Lending Act, and as such, is entitled to summary judgment.

Having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Defendant Lucci Limited, Inc. d/b/a Baths & Kitchens by Lucci's Motion for Summary Judgment, filed December 10, 1996, is **GRANTED**. Defendant is directed to submit a proposed Order of Final Judgment for entry herein within fifteen days of the date of this Order.

---

**2.** Two of the contracts were modified on April 28, 1995; however, the underlying agreement in each of these instances was signed on the original date of agreement for the project, April 21, 1995.