Defendant-appellant Svetlana Kaydan appeals from the summary judgments entered by the Garfield Heights Municipal Court in favor of plaintiff-appellee Flavia Sreshta, D.D.S. arising out of plaintiff's claim for compensation for dental services and defendant's counterclaim for dental malpractice. Defendant contends that disputed issues of material fact precluded summary judgment on either claim. For the reasons hereinafter stated, we affirm in part and reverse in part.
Defendant first saw Dr. Sreshta for treatment on May 13, 1993. She had numerous serious dental problems and had not seen a dentist for ten years. Initial examination revealed that defendant's teeth were either decayed or missing, and a number of teeth were badly eroded. Dr. Sreshta began a course of treatment that covered five months.
Over that period, Dr. Sreshta performed the following treatment on defendant's upper teeth: four teeth were extracted, including three teeth which had decayed down to the gum line; silver amalgam fillings were placed on two teeth; composite (tooth-colored)fillings were placed on six teeth; and an upper partial denture was created to replace four teeth which were missing. Defendant last saw Dr. Sreshta on October 28, 1993.
Defendant testified at her deposition that she was never satisfied with the upper partial denture created by Dr. Sreshta because it did not fit correctly and it was not a permanent partial but a removable one; it was uncomfortable; and it had metal showing which defendant believed was unsightly. She claimed that she only wore the upper partial denture on, at most, four occasions.
Defendant also testified that the fillings began to chip while she was still undergoing treatment in 1993. One filling eroded and disintegrated at the time she was seeing Dr. Sreshta in 1993. That filling was replaced free of charge, Dr. Sreshta noting that the early failure was "most unusual." Defendant also claimed that the fillings were too large, which made it impossible for her to get dental floss between her teeth. She also admitted during her deposition that Dr. Sreshta's dental work was "chipped" in 1994 and 1995, and that there was chipping "in all the years" following her treatment with Dr. Sreshta.
On July 12, 1996, Dr. Sreshta filed suit against defendant on an account in Garfield Heights Municipal Court to recover $960 still due for the dental services provided. On August 12, 1996, defendant filed a pro se answer in the form of general denial alleging payment of $1,400 and complaining of the quality of the dental work performed.
In July 1997, with leave of court, defendant filed an amended answer/counterclaim (inadvertently called "a cross-complaint") which alleged a claim for dental malpractice. Defendant claimed that Dr. Sreshta provided her with a removable "bridge" which is unusable and with fillings which have cracked and broken-up since their creation.
Following discovery, on December 29, 1997, plaintiff filed a motion for summary judgment on the grounds that the counterclaim was barred by the statute of limitations. Dr. Sreshta also requested that summary judgment be granted on her complaint in the amount of $660. Defendant had apparently paid $300 on her account during the pendency of the litigation under the misimpression that Dr. Sreshta would dismiss her case. The defendant opposed the motions.
After further briefing, on January 22, 1998, the Garfield Heights Municipal Court issued an order granting Dr. Sreshta's motion for summary judgment on her complaint and against defendant on her counterclaim. The court offered no opinion or explanation of its decision. Defendant's motion for reconsideration was denied on January 30, 1998 and this timely appeal ensued.
We will address the assignments of error in the order asserted and together where appropriate for discussion.
 I. THE COURT ERRED IN HOLDING, IN THIS, A DENTAL MALPRACTICE CASE, THAT THE "TERMINATION RULE" APPLIED AS TO THE STATUTE OF LIMITATIONS.
 II. THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS IN FACT NO "COGNIZABLE EVENT" SO AS TO APPLY THE "DISCOVERY RULE" RELATIVE TO DEFENDANT'S CLAIM FOR DENTAL MALPRACTICE.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co.(1996). 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment(1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club(1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56 (E). Mootispaw v.Eckstein(1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg(1992),65 Ohio St.3d 356, 358-59.
It is necessary to briefly address various procedural matters before considering the merits. Defendant contends that her deposition testimony was not properly before the trial court because her deposition was not filed in the case although relevant excerpts were attached to Dr. Sreshta's motion papers. The record does not reveal any objection by defendant to this procedure.
It is well established that the "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56 (C)." Stegawski v. Cleveland Anesthesia Group, Inc.(1987),37 Ohio App.3d 78, 83; Lytle v. City of Columbus(1990), 70 Ohio App.3d 99,104; Forster v. Ohio Bureau of Workers' Compensation
(1995), 102 Ohio App.3d 744, 747; Rodger v. McDonald'sRestaurants(1982), 8 Ohio App.3d 256, 258; Tye v. Bd. ofEducation(1985), 29 Ohio App.3d 63, 66. Thus, the trial court properly considered the portions of defendant's deposition which were attached to Dr. Sreshta's motion for summary judgment.
Dr. Sreshta also objects to numerous statements in defendant's brief which were not properly before the trial court on the summary judgment papers. We are mindful of those contentions, but do not find them germane to the disposition of this appeal.
Defendant claims essentially that summary judgment on her counterclaim was improperly granted because the statute of limitations on her malpractice claim had not run by July 17, 1997 when she first raised the claim in her "cross-complaint." Dr. Sreshta claims that the statute had expired one year from the date when defendant ceased treatment with Dr. Sreshta (October 28, 1993) or when a cognizable event occurred more than one year prior to filing her counterclaim.
The statute of limitations for dental claims is set forth in R.C. 2305.11(B), which provides that claims for medical and dental malpractice shall be commenced within one year after the cause of action accrues.
The accrual point for the one-year statute of limitations for medical and dental malpractice claims was described as follows inFrysinger v. Leech(1987), 32 Ohio St.3d 38, paragraph one of syllabus:
 * * * a cause of action for medical malpractice accrues and the one year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later.
See, also, Akers v. Alonzo(1992), 65 Ohio St.3d 422, 424-425.
Thus, the statute of limitations for dental as well as medical malpractice claims accrue when the relationship ceases (the termination rule) or when the patient discovers the resulting injury (the discovery rule), whichever is later. The discovery rule focuses on a "cognizable event" which puts the claimant on notice of the injury. Dr. Sreshta contends that defendant's own deposition testimony demonstrated that her dental malpractice claim is untimely under both the termination rule and the discovery rule.
Under the termination rule, the dentist-patient relationship between Dr. Sreshta and defendant obviously ended when defendant last treated with Dr. Sreshta on October 28, 1993. There is no evidence she saw her after that date. Since defendant did not file her counterclaim until July 1997, her dental malpractice claim was not timely filed under the termination of relationship rule.
We also find that defendant's dental malpractice claim was not timely in accordance with the discovery rule. In Flowers v.Walker(1992), 63 Ohio St.3d 546, 549, the Supreme Court described the discovery rule as follows:
 In a medical malpractice case, the statute of limitations starts to run upon the occurrence of a "cognizable event."
The Supreme Court defines "cognizable event" as follows:
 A "cognizable event" is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received.
Id. at 549, citing Allenius v. Thomas(1989), 42 Ohio St.3d 131, syllabus.
It is not necessary that a claimant discover all the possible facts to file a claim in order to trigger the statute of limitations. Flowers, supra, at 549; Allenius, supra, at 133-134. The statute of limitations commences to run when the claimant has constructive knowledge of facts rather than actual knowledge of their legal significance. Flowers, supra, at 549.
Further, it is well established that the occurrence of a "cognizable event" imposes upon the claimant a duty to determine whether the injury suffered is the proximate result of malpractice. Flowers, supra, at syllabus; Akers, supra, at 425. While defendant states in her affidavit that she was not aware that malpractice had been committed until she filed her answer in August 1996, her subjective belief as to when malpractice was committed is not the appropriate standard. Allenius and Flowers clearly set forth that the statute of limitations begins to run upon the occurrence of a "cognizable event."
The undisputed material facts of this case, as supported by defendant's deposition testimony, clearly demonstrate that a "cognizable event" occurred much sooner than one year before she filed her cross-complaint.
Arguably, a significant "cognizable event" occurred in October 1993 when defendant last treated with Dr. Sreshta. At that time, she was aware that the upper partial denture provided by Dr. Sreshta did not fit correctly; was not the permanent bridge she bargained for; was uncomfortable; and had metal showing which Kaydan believed was unsightly. She claimed to have only worn the upper partial denture, at most, four times since she received it. The allegedly ill-fitting upper partial denture led or should have reasonably led her to believe that the condition was the result of improper dental treatment.
Moreover, defendant admitted that the fillings provided by Dr. Sreshta were "chipped" in 1994 and 1995, and that there was chipping "in all the years" following her treatment with Dr. Sreshta. One filling eroded and disintegrated as early at 1993 when she was still seeing Dr. Sreshta. She further claims that the fillings were too large, which made it nearly impossible for her to floss her teeth. Even assuming that defendant did not discover the injury to trigger the start of the running of the statute of limitations until her teeth began chipping and cracking in 1994 and 1995, the filing of her counterclaim in July 1997 was untimely.
Ohio authorities have held that the statute of limitations begins to run in malpractice cases when the claimant realizes she was injured, even though the claimant did not become aware of the full extent of the injuries until a later date. See Allenius v.Thomas(1989), 42 Ohio St.3d 131, 133-134; Grubb v. ColumbusCommunity Hospital(1997), 117 Ohio App.3d 670, 676; Monastra v.D'Amore(1996), 111 Ohio App.3d 296, 305. We find that the statute of limitations in the case at bar began to run when defendant became aware that she was injured, i.e., she could not floss between her teeth, when she became aware that her partial denture was not permanent and did not fit; and in 1994 and 1995 when her teeth were chipping and cracking. Several cognizable events occurred more than one year before the time when defendant filed her dental malpractice claim in July 1997. Accordingly, defendant's dental malpractice claim for an affirmative recovery thereon is barred by the one-year statute of limitations.
Assignments of Error I and II are overruled.
 III. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF.
 IV. THE COURT ERRED IN THE GRANTING OF JUDGMENT IN FAVOR OF PLAINTIFF ON PLAINTIFF'S COMPLAINT, ADDING INSULT TO INJURY BY FORCING DEFENDANT TO PAY FOR INCOMPETENT WORKMANSHIP.
Although our previous disposition of Assignments of Error I and II establishes that defendant may not affirmatively recover on her counterclaim because of the statute of limitations, we are compelled to sustain Assignments of Error III and IV because defendant may raise Dr. Sreshta's alleged mistreatment in the nature of a defense or recoupment to Dr. Sreshta's claim on account.
As stated by the court in Schlosser v. O'Brien(Sept. 23, 1982), Franklin App. No. 81AP-788, unreported, citing Conway v.Ogier(1961), 115 Ohio App. 251:
 * * * the affirmative malpractice claim which was barred at the time of the plaintiff's account action for fees was commenced was only usable for defensive purposes to the extent that it constituted an allegation of nonperformance or defective performance of the services for which reimbursement was sought in the complaint. * * * The Conway holding is in accordance with the general principle of law that the statute of limitations may be used to bar affirmative actions but not to suppress or deny matters of defense to the claim against which the counterclaim is asserted.
We call attention to this Court's decision in Monastra v.D'Amore, supra, at 306, where we stated:
 Even if at trial it is found that the statute of limitations has expired on D'Amore's legal malpractice counterclaim, her claim may be relevant as a defense to Monastra's claim for attorney fees and would not be barred as a recoupment or setoff. "A counterclaim reduces the amount due on the primary claim when the counterclaim is based upon defective workmanship or other defective performance by the plaintiff of the contract on which the liquidated claim is based." L.A. Gross Sons, Inc. v. Parisi(1990), 66 Ohio App.3d 697, 700, 586 N.E.2d 142, 144. The Supreme Court of Ohio has held that "[a] claim of a defendant which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common law theory of recoupment, when the claim arises out of the same transaction as the plaintiff's claim for relief, and when it is offered only to reduce the plaintiff's right to relief." Riley v. Montgomery(1984), 11 Ohio St.3d 75, 11 OBR 319, 463 N.E.2d 1246, paragraph one of the syllabus. See, also, Drain v. DeFabio(July 21, 1994), Cuyahoga App. No. 65937, unreported, at 5, 1994 WL 386013.
 Recoupment, however, can only be had to the extent sufficient to satisfy the plaintiff's claim. Riley at 77, 11 OBR at 320-321, 463 N.E.2d at 1248-1249.
Since defendant produced sufficient evidence in opposition to Dr. Sreshta's summary judgment motion on the account to raise substantial issues of disputed and material fact, the trial court erred in granting summary judgment in Dr. Sreshta's favor on her complaint.
Assignments of Error III and IV are sustained.
Summary judgment on the counterclaim is affirmed; summary judgment on the complaint is reversed; the case is remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J., and ROCCO, J., CONCUR.
 ___________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).