BERKS TITLE INSURANCE CO.; Metropolitan Life Insurance Co., Plaintiffs-Appellees, Cross-Appellants,

v.

Roger M. HAENDIGES, Defendant-Appellant, Cross-Appellee,

Lee Haendiges; Fulton and Goss, Inc., Defendants-Appellees.

Nos. 84–3612, 3642.

United States Court of Appeals, Sixth Circuit.

Argued July 17, 1985.

Decided Sept. 17, 1985.

Michael F. Waiwood, argued, Roger M. Haendiges, Cleveland, Ohio, for defendant-appellant, cross-appellee.

Robert F. Linton, Frederick Corns (argued), Akron, Ohio, William Tousley Smith, Fulton & Goss, Cleveland, Ohio, for plaintiffs-appellees, cross-appellants.

Before JONES, Circuit Judge, EDWARDS, Senior Circuit Judge, and SILER, District Judge.*

PER CURIAM.

Defendant, Roger M. Haendiges, appeals the summary judgment against himself. Plaintiff, Berks Title Insurance Co. (Berks), appeals the summary judgment in favor of defendant, Lee Haendiges in this diversity action for breach of real estate contracts. We reverse the judgment in favor of Berks against Roger Haendiges and affirm the judgment in favor of Lee Haendiges.

On June 25, 1981, Berks and Metropolitan Life Insurance Company (Metropolitan) filed a complaint in the district court against Roger and Lee Haendiges, Fulton & Goss, Inc., and William Steck. The complaint sought money damages for breach of contract against the Haendiges and Fulton & Goss and damages for attorney malpractice from Steck. The malpractice claim was later voluntarily dismissed. The parties filed cross motions for summary judgment. On June 22, 1984, 591 F.Supp. 879 (N.D.Ohio), the district court entered summary judgment in favor of Berks and Metropolitan against Roger Haendiges in the amount of $113,821.81 plus costs and interest, but denied as against Fulton & Goss and Lee Haendiges; the motions for summary judgment of Fulton & Goss and Lee Haendiges were granted and all claims against them were dismissed. Roger Haendiges has appealed the judgment against himself. Berks and Metropolitan appealed the judgment in favor of Lee Haendiges and Fulton & Goss, but they have since voluntarily dismissed their appeal as to Fulton & Goss.

Roger Haendiges owned a parcel of land upon which he decided to construct a warehouse. Lee Haendiges, his wife, had no interest in the property, other than a dower interest provided by law. Roger Haendiges contacted Fulton & Goss to arrange an interim construction loan for the proposed building. Before committing to make the loan, Fulton & Goss obtained a commitment from Metropolitan to purchase the mortgage upon completion of the warehouse. Berks committed itself to provide title insurance for both Fulton & Goss and Metropolitan upon completion of the warehouse.

Metropolitan's agreement to purchase the mortgage from Fulton and Goss was subject to several conditions—the most relevant being that the property be free of the possibility of any prior mechanics liens. Fulton & Goss' agreement to make the loan to Haendiges contained a non-recourse provision, as did the mortgage itself. The non-recourse provision provided that any recovery for breach would be limited to the property and the improvements thereon. The Metropolitan/Fulton & Goss agreement had not contained a non-recourse provision but contained language stating its approval of the use of such language in the mortgage.

Fulton & Goss obtained an agreement from Cleveland Trust to finance the project (Cleveland Trust Agreement). That agreement was based on Metropolitan's commitment to purchase the mortgage from Fulton & Goss upon completion of the construction. The Cleveland Trust Agreement was signed by Roger Haendiges, Fulton & Goss, and the Cleveland Trust Co. It incorporated into its terms the agreement between Fulton & Goss and Roger Haendiges—which contained the non-recourse provision—and the agreement between Fulton & Goss and Metropolitan—which contained the provision barring the possibility of any prior mechanics liens. In crucial part, the Cleveland Trust Agreement read:

NOW, THEREFORE, Lender [Cleveland Trust] agrees to lend to Borrower [Roger

---

* The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

Haendiges] the sum of EIGHT HUNDRED NINETY THOUSAND DOLLARS ($890,000.00); secured by a mortgage on the above described land for the purpose of constructing thereon a one-story industrial building and parking lot and Borrower agrees to construct said building and parking lot in accordance with Plans and Specifications approved by Lender and Fulton; Borrower further agrees to complete said building and parking lot in compliance with the covenants and terms and conditions of the Commitment from Fulton to Borrower dated September 17, 1973, said Commitment from Metropolitan to Fulton dated September 12, 1973 and the Building Loan Agreement entered into by and between Borrower and Lender dated _____, 19__, Fulton agrees to comply with the covenants, conditions and terms of the Commitment issued to it by Metropolitan and further that if the one-story industrial building and parking lot is completed in compliance with its Commitment to Borrower and in compliance with the Commitment to Fulton from Metropolitan that it will cause to be paid to lender the principal balance of the construction no later than October 12, 1974 or any extention of such date as agreed upon by Lender, Borrower, Fulton and Metropolitan.

Actual construction of the project began in March, 1974 and continued until the end of December, 1974 when the project was completed. In the meantime, in anticipation of the funding by Metropolitan of its loan commitment, Fulton & Goss assigned, on September 25, 1974, its note and mortgage documents to Metropolitan. On October 3, 1974, Berks issued its commitment to insure the mortgage as a first and best lien. The Metropolitan commitment was scheduled to expire on October 12, 1974. The parties extended it in writing, but only to December 1, 1974. The loan, however, did not close until December 26, 1974 at which time Cleveland Trust was paid in full.

Shortly after Metropolitan funded the loan under its expired commitment, a number of mechanics liens were filed against the property. In July, 1975, these lienholders filed a foreclosure action in which Metropolitan, Fulton & Goss and Roger Haendiges were named as defendants. Metropolitan filed a cross-claim against Haendiges for foreclosure of Haendiges' real property. No other claims were brought against Haendiges by Metropolitan. The state trial court ruled that the mortgage held by Metropolitan was a valid lien and that Roger Haendiges breached the conditions of the mortgage by failing to make payments. The court held that Metropolitan could recover the proceeds derived from sale of the property but not from Haendiges individually. The court made no decision as to the priority of the mechanics liens. Some lienholders appealed the judgment.

The Ohio Court of Appeals held that Metropolitan could only maintain priority in the foreclosure proceeding if it had a "duty to fund" its loan commitment. As Metropolitan's commitment could only be extended in writing, and as it had granted an oral extension, the court determined that Metropolitan did not have an obligation to disburse. Accordingly, the court remanded the case to the trial court to determine the issue of priority of the various encumbrances. On remand, the trial court determined that three mechanics liens had priority over Metropolitan's mortgage interests and, having previously ordered distribution of the proceeds of sale of the property to Metropolitan, the court ordered Metropolitan to pay the mechanics' liens.

Berks paid off the three liens, pursuant to its title insurance policy, which were held to have priority over the mortgage. Berks then brought the instant action as subrogee of Metropolitan. Lee Haendiges was named as a defendant in federal court.

**I**

■ Roger Haendiges contends that the district court erred in failing to address and thereby refusing to apply the doctrine of res judicata. The issue of whether the

Haendiges had breached the mortgage agreement was litigated in the Ohio Courts as a cross claim filed by Metropolitan. Because Berks is subrogated to the rights of Metropolitan as its insurer, Berks is bound by that judgment. The narrow question before us is whether Berks is precluded by the doctrine of res judicata from suing in federal court for breach of the Cleveland Trust Agreement.

This Court must look to Ohio law to determine what preclusive effect to give to the state court judgment. *See* 28 U.S.C. § 1738. However, Ohio law on the issue of claim preclusion is unclear and in a state of flux. *See Johnson's Island, Inc. v. Board of Township Trustees,* 69 Ohio St.2d 241, 431 N.E.2d 672, 674–75 (1982); *Stromberg v. Board of Education of Bratenahl,* 64 Ohio St.2d 98, 413 N.E.2d 1184, 1186 (1980); *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67, 71 (1943). In the instant case, we need not resolve this conflict in Ohio law because our resolution of this case on the merits reaches the same result as if preclusive effect had been granted.

## II

Addressing the merits of the case, we believe the district court erred in holding that Roger Haendiges is not protected from personal liability under the Cleveland Trust Agreement by the non-recourse provision contained in both the mortgage and in the agreement between Fulton & Goss and Roger Haendiges. The Cleveland Trust agreement incorporated both the Fulton & Goss commitment to Haendiges and the Metropolitan commitment to Fulton & Goss. The Metropolitan commitment provided that Fulton & Goss could grant to Haendiges a non-recourse provision. The Fulton & Goss commitment to Haendiges did in fact contain such a provision as did the mortgage itself. Consequently, the district court incorrectly found that the Cleveland Trust agreement did not contain a non-recourse provision.

Berks contends that the non-recourse provision only precluded a suit against Haendiges personally for failure to make loan payments. The non-recourse provision provides: "The lender agrees that in the case of default the holder of the note and mortgage will be required to look solely to the property secured hereunder for satisfaction of said note and mortgage, thereby precluding the holder from obtaining a deficiency judgment against the borrower." We reject the argument that the non-recourse provision addressed only the failure to make loan payments. Construing any ambiguities of the provision against the party that drafted the provision, we believe that the language of the non-recourse provision covered the breach at issue here.

Accordingly, we affirm the judgment of the district court regarding Lee Haendiges and reverse the judgment of the district court regarding Roger Haendiges and remand with instructions to enter summary judgment in favor of Roger Haendiges.