DALESSIO, Trustee, et al.

v.

WILLIAMS, Trustee, et al., Appellants; Blough et al., Appellees.

[Cite as *Dalessio v. Williams* (1996), 111 Ohio App.3d 192.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17508.

Decided May 22, 1996.

*Mark Cohn* and *Jeffrey Huth,* for appellants John and Karen Williams.

*Robert M. Milane,* for appellee Joseph Blough.

*Thomas McGrath* and *Michelle Tripp,* for appellee First American Title Insurance Co.

SLABY, Judge.

John and Karen Williams ("the Williamses") appeal from summary judgment granted in favor of Joseph Blough and First American Title Insurance Company ("First American") on the Williamses' third-party claims. We affirm.

The Williamses entered into a contract with Blough to purchase a home built by Blough in the Crystal Shores subdivision of Bath Township. The contract between the Williamses and Blough stated that Blough was "to convey property meeting all Crystal Shores allotment restrictions." Two of those restrictions are at issue in this case: first, a prohibition against building any structure within twenty-five feet of the property's boundary lines; second, a requirement that the door on any garage facing the street be no wider than forty-two inches.

After the house was built, the Williamses obtained title insurance from First American. The policy insured against loss or damage resulting from, *inter alia,* "any defect in or lien or encumbrance on the title" or "unmarketability of the

title." It stated that First American would pay the expenses, including attorney fees, incurred in defense of the title. The policy included the following exclusion:

"This policy does not insure against loss or damage by reason of the following:

" * * *

"6. On the Plat of Crystal Shores Subdivision, Phase V as recorded in Plat Cabinet G, Slides 618 through 621 of Summit County Records, appears the following:

"a. Plat Restrictions * * *."

Before the title policy was issued, but after the date the survey requested by First American was conducted, the Williamses had Blough build a detached garage on the property. A survey conducted after the garage was built showed that the garage was just over fifteen feet away from the property line. The garage, which faced the street, also had a door much wider than the forty-two-inch limit.

Ralph Dalessio, the owner of the adjacent property, brought an action for specific performance of the subdivision's restrictions against the Williamses, seeking removal of the garage. After First American refused to provide coverage or defend against the lawsuit, citing the exclusion previously quoted, the Williamses brought a third-party claim against First American. They sought a declaration that First American was obligated to provide coverage for, and defend against, the Dalessio lawsuit. The Williamses also brought a third-party claim for breach of contract against Blough.

Blough bought the Dalessio property, thereby leading to Dalessio's dismissal of his action. The Williamses continued to proceed against First American and Blough. They claimed that they were entitled to recover the attorney fees they had spent in defending against the Dalessio lawsuit. All parties moved for summary judgment; the trial court granted the motions filed by Blough and First American.

The Williamses appeal, assigning three errors. The first two assigned errors concern their claim against Blough; we consider them together.

I. "The Trial Court erred in granting summary judgment against [the Williamses] on their claim against [Blough] and in denying summary judgment to [the Williamses] where the evidence before it showed that there was no genuine issue of material fact that Blough had breached his contract with the Williamses, and that they had been damaged thereby."

II. "The Trial Court erred in determining that the attorney fees incurred by [the Williamses] in defending against a suit brought against them by an adjoining homeowner[ ] alleging violations of various subdivision restrictions were not recoverable as damages for Blough's breach of contract."

The Williamses argue that Blough should be responsible for their attorney fees arising from the Dalessio lawsuit. They claim that Blough breached the contract by failing to a build a garage that complied with the Crystal Shores subdivision regulations. Because Blough allegedly breached the contract, the Williamses contend that he should pay their damages arising from the breach, including their attorney fees.

We apply the same standard used by the trial court in reviewing a trial court's entry of summary judgment. *Cooperider v. Peterseim* (1995), 103 Ohio App.3d 476, 478, 659 N.E.2d 882, 883–884. Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192; see, also, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Because only legal questions exist, we review a trial court's entry of summary judgment *de novo*. *Tyler v. Kelley* (1994), 98 Ohio App.3d 444, 446, 648 N.E.2d 881, 882.

■■ Attorney fees are generally not recoverable in contract actions. See *Gates v. Toledo* (1897), 57 Ohio St. 105, 113, 48 N.E. 500, 502. This principle comports with the "American rule," which states that a prevailing party in a lawsuit is not permitted to recover attorney fees from the losing party. See *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528–529. Recovery of attorney fees, however, may be permitted if (1) a statute creates a duty to pay for fees; (2) the losing party acts vexatiously, wantonly, in bad faith, or for oppressive reasons; or (3) the parties contract to shift fees. *Internatl. Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 668, 657 N.E.2d 820, 825; *O'Neill v. Showa Denko K.K.* (1995), 101 Ohio App.3d 345, 348, 655 N.E.2d 767, 768–769.

■ This case is different from the usual scenario in which a party seeks compensation for attorney fees. The Williamses do not claim that Blough should be responsible for their attorney fees arising from the case at bar. Instead, they argue that Dalessio's suit, which required them to expend attorney fees, would not have occurred but for Blough's breach. The attorney fees they seek, therefore, are really damages arising from their contract with Blough. At least two courts have held that a breaching party must pay the other party's attorney

fees in that party's defense of an action against a third party arising from a breach of the contract. See *S & D Mech. Contrs., Inc. v. Enting Water Conditioning Sys., Inc.* (1991), 71 Ohio App.3d 228, 241, 593 N.E.2d 354, 363; *Berks Title Ins. Co. v. Haendiges* (N.D.Ohio 1984), 591 F.Supp. 879, 889, affirmed in part and reversed in part (C.A.6, 1985), 772 F.2d 278.

Although the Williamses present an attractive argument, we ultimately reject it. The results in *S & D* and *Berks* were each dependent upon a finding of a breach of contract. Such a determination is a necessary prerequisite to an award of attorney fees. See *Browning–Ferris Industries v. Dallas Warehouse Co.* (May 7, 1987), Cuyahoga App. No. 51568, unreported, 1987 WL 11189 (judicial determination of a breach is necessary before party can be awarded attorney fees as liquidated damages). In contrast, Blough was never judicially determined to be in breach of his contract with the Williamses. Dalessio dismissed his suit before such a determination could have been made. Further, the Crystal Shores Architectural Review Board granted a variance for the Williamses' garage. In the absence of a finding that Blough breached the contract, an award of damages, such as the attorney fees sought in this case, was not warranted. The trial court, therefore, properly entered summary judgment for Blough.

The Williamses' first and second assignments of error are overruled.

Assignment of Error III states:

"The Trial Court erred in granting summary judgment against [the Williamses] and in denying summary judgment to [them] on their claim that First American Title Insurance Company owed them a duty to defend the claims made by the adjoining homeowner where the deletion of the 'survey exception' from the title insurance policy provided coverage for the claim made against the Williamses."

This assignment of error concerns First American's duty to defend the Williamses against Dalessio. First American denied coverage under exception 6(a) of the title insurance policy. The Williamses argue that this language excluded coverage for loss or damage arising from the *existence* of the plat restrictions as opposed to a *violation* of the restrictions. Because their damage arose from the *violation* of the Crystal Shores subdivision restrictions, they claim that the exclusion should not have applied.

An insurer is not obligated to defend a claim that falls outside the coverage of the policy. See *Zanco, Inc. v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St.3d 114, 116, 11 OBR 413, 415–416, 464 N.E.2d 513, 515. If an insurer wrongfully refuses to defend against a lawsuit, the insured may recover the attorney fees spent in defense of that lawsuit. See *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, paragraph four of the syllabus.

■ We reject the interpretation of the contract urged by the Williamses. Reading exclusion 6(a) in light of the language preceding the list of exclusions, we note that the policy excluded coverage for loss or damage "by reason of" the plat restrictions. The damage to the Williamses occurred by reason of those restrictions. Under the plain language of the exclusion, First American was not obligated to compensate the Williamses for the damage arising from the Dalessio lawsuit. As such, it had no duty to defend the Williamses, and the trial court did not err by granting it summary judgment on the claim for attorney fees.

The Williamses' third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

BAIRD, J., dissents.

BAIRD, Judge, dissenting.

With respect to the first and second assignments of error, there is no longer any serious doubt that attorney fees can be an appropriate element of compensatory damages in a breach of contract case, where the fees have been incurred in defense of a claim by a third party which arises out of the breach of contract. Though this principle seems to be accepted by the majority, it is held not to apply to this case because the claim was settled or otherwise resolved prior to any finding that the contract was breached by Blough. Since this is litigation between the Williamses and Blough, it seems curious to deny recovery for an appropriate element of damage "in the absence of a finding that Blough breached the contract." Such a finding is the whole object of the present litigation.

Since whatever the Williamses had to expend to defend themselves against the Dalessio claim is an appropriate element of compensatory damage in their breach of contract case against Blough, I would sustain the first and second assignments of error.

As to the third assignment of error, the defect being claimed is one which would only be disclosed by a survey, and the original clause which exempted such matters from coverage was specifically deleted from the policy by a bargained-for agreement of the parties. First American admits that this means coverage for items which a correct survey would show, provided they are not of public record. The violation of the plat restrictions does not show on any public record, so it seems to me that coverage exists.

I would, therefore, also sustain the third assignment of error, and reverse the trial court's judgment as to both aspects appealed herein.