OPINION
Defendant-appellant and cross-appellee, K.A. Manoranjan, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of plaintiffs-appellees and cross-appellants, Raman and Mena Shanker, and entering judgment in favor of plaintiffs in the net amount of $27,811.76 plus interest.
Defendant is a general partner of Columbus Warehouse Limited Partnership ("CWLP"). Sometime in 1991, plaintiffs loaned defendant money. To repay the loan, defendant assigned to plaintiffs a promissory note payable to defendant from CWLP. CWLP refused to honor the note at maturity. Accordingly, on March 15, 1995, plaintiffs filed an action seeking payment on the promissory note. On April 18, 1996, after extensive negotiations, a magistrate of the Franklin County Court of Common Pleas read into the record an agreement the parties had reached to settle the dispute. Pertinent to this appeal, and pursuant to the terms of the agreement, defendant promised to pay plaintiffs $40,000 and plaintiffs promised to fully release defendant.
After reaching the agreement, the parties entered into negotiations to draft settlement documents. On August 9, 1996, plaintiffs submitted to defendant a revised settlement agreement that included a term not present in the original oral settlement agreement. Defendant refused to accept the new term and on August 22, 1996, CWLP filed a motion to enforce the oral settlement agreement of April 18, 1996. An evidentiary hearing was held on CWLP's motion and the trial court decided that as of April 18, 1996, the parties had reached an enforceable oral agreement to settle the case. Plaintiffs appealed that decision, and this court affirmed. Shanker v. Columbus Warehouse Limited Partnership (Mar. 31, 1997) Franklin App. No. 96AP-1269, unreported.
Unfortunately, that did not end the litigation emanating from the parties' settlement. After this court's decision, defendant refused to pay plaintiffs the $40,000 he owed under the settlement agreement. By complaint filed April 13, 1998, plaintiffs initiated the present suit, alleging that defendant had breached the April 18, 1996 settlement agreement by, among other reasons, failing to make the $40,000 payment. Defendant filed an answer in which he asserted a counterclaim against plaintiffs, alleging that they breached the settlement agreement by continuing to litigate the matter.
Following cross-motions for summary judgment, the trial court ultimately decided that both parties had breached the settlement agreement, but not in any material manner. The trial court thus concluded the parties' non-performance of their respective obligations was not excused by the other's breach. The trial court found plaintiffs' damages were liquidated by the settlement agreement itself. The court further concluded defendant was entitled to reasonable attorney fees arising out of plaintiffs' breach, measured from the settlement agreement on April 18, 1996, until this court affirmed the agreement on March 31, 1997. The trial court simultaneously granted judgment in favor of CWLP on plaintiffs' claims against it. The trial court's judgment in that regard is not raised as error and CWLP is not a party to this appeal.
After a hearing, the trial court awarded defendant attorney fees as compensatory damages in the amount of $12,188.24. Contrary to the court's original decision, the award reflected attorney fees incurred between the time of the breach on August 9, 1996 and this court's decision on March 31, 1997. Thus, the trial court entered a final judgment in favor of plaintiff in the net amount of $27,811.76, plus interest, representing the $40,000 defendant owed plaintiffs, offset by the $12,188.24 in attorney fees the trial court granted defendant.
Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN ITS JANUARY 12, 1999 DECISION IN STATING THAT THE SHANKERS DISMISSED THE FIRST TRIAL COURT CASE.
 II. THE TRIAL COURT ERRED IN NOT SUSTAINING MR. MANORANJAN'S JANUARY 22, 1999 MOTION FOR RECONSIDERATION.
 III. THE TRIAL COURT ERRED IN ITS JANUARY 12, 1999 DECISION BY HOLDING THAT THE SHANKERS' BREACH WAS NOT MATERIAL AND THAT MR. MANORANJAN'S PERFORMANCE OF THE SETTLEMENT AGREEMENT WAS NOT EXCUSED.
 IV. THE TRIAL COURT ERRED IN ITS MAY 19, 1999 DECISION BY NOT AWARDING MR. MANORANJAN DAMAGES FOR THE LEGAL FEES AND EXPENSES INCURRED BETWEEN APRIL 18 AND AUGUST 9, 1996.
 V. THE TRIAL COURT ERRED IN ITS JUNE 29, 1999 JUDGMENT BY AWARDING THE SHANKERS PREJUDGMENT INTEREST ON $40,000.
Plaintiffs cross-appeal, assigning the following errors:
 I. THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO K.A. MANORANJAN BECAUSE THE AWARD OF SUCH FEES IS PRECLUDED BY OHIO LAW.
 II. ASSUMING ARGUENDO THAT THE AWARD OF ATTORNEY FEES TO MR. MANORANJAN WAS PROPER, THEN THE TRIAL COURT ERRED IN THE DENIAL OF DR. AND MRS. SHANKER'S REQUEST FOR ATTORNEY FEES INCURRED AS A RESULT OF THE BREACH OF THE SETTLEMENT AGREEMENT BY MR. MANORANJAN.
Defendant's first, second and third assignments of error all contend that plaintiffs did not voluntarily dismiss their first action and thus materially breached the parties' settlement agreement, excusing defendant's non-performance. Plaintiffs respond that the first action was dismissed, the method by which dismissal was achieved is not relevant, and any breach of the settlement agreement by plaintiffs' failing to voluntarily dismiss was not material. On September 4, 1996, a judgment entry of dismissal was filed which dismissed plaintiffs' first case.
Even if plaintiffs did not voluntarily dismiss the first case, and thus breached the agreement, defendant's non-performance is not excused unless plaintiffs' breach was material. Kersh v.Montgomery Developmental Ctr. (1987), 35 Ohio App.3d 61, 62;Software Clearing House, Inc. v. Intrak, Inc. (1990), 66 Ohio App.3d 163,170. Therefore, we first address whether plaintiffs' breach was material.
The Restatement of Contracts sets forth five factors to consider in determining whether a breach is material:
 (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
 (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
 (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
 (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
 (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.
Restatement of the Law 2d, Contracts (1981) 237, Section 241;Duerler v. Community Mut. Ins. (Apr. 18, 1991), Franklin App. No. 90AP-1337, unreported (applying Restatement factors to determine materiality of breach); see, also, Ohio Compensation Services Co.v. Smith (May 10, 1991), Lucas App. No. L-90-104, unreported (applying Restatement factors to determine materiality of breach of settlement agreement).
Given those factors, the trial court properly concluded plaintiffs' breach was not material. The benefit defendant sought in entering into the settlement was an end to litigation and attorney fees. While defendant was temporarily minimally deprived of that benefit during litigation to determine the terms of the settlement agreement, the continuing litigation arises from his own failure to comply with the terms of the agreement. Secondly, defendant can be adequately compensated for the sustained deprivation by receiving an amount equal to the attorney fees he has incurred as the result of the litigation that continued despite the settlement agreement.
As to the third factor, defendant concedes plaintiffs will suffer a forfeiture if he is excused from performing: they will lose defendant's performance of his obligations under the settlement agreement. Defendant, by contrast, will suffer no such forfeiture by enforcement of the agreement. Rather, he simply will have to abide by the terms of the settlement agreement, including paying plaintiffs $40,000, but will receive at the same time the benefit he sought in the agreement: the end of the litigation. Indeed, defendant remains engaged in litigation only because he has refused to abide by the terms of the settlement agreement after this court's decision affirming the terms of that agreement, as nothing in that agreement prevented plaintiffs from bringing suit against defendant for failing to abide by the terms of the settlement. Fourthly, plaintiffs' failure to abide by the terms of the settlement agreement does not need to be cured because the first case has already been dismissed. Plaintiffs only initiated the present case because defendant failed to comply with the terms of the settlement agreement.
Finally, defendant contends plaintiffs have failed to perform in good faith. In affirming the trial court's conclusion that the settlement agreement was enforceable without plaintiffs' proposed term, this court labeled plaintiffs' insistence on the insertion of a new term in the settlement agreement as a "mistaken understanding." Specifically, plaintiffs requested that defendant waive any fees owed to any of defendant's corporate affiliates, apparently believing that when, in settlement, defendant waived his right to receive fees owed to him, he was also waiving the rights of those corporate affiliates as well. Plaintiffs thus felt they were not adding a new term, but clarifying an existing term. Defendant refused to incorporate the term. Defendant presents no evidence to demonstrate a showing of bad faith other than the fact that plaintiffs continued the litigation with the present action. Had defendant, however, made the payment he was required to make under the settlement agreement, plaintiffs would not have had to initiate, let alone continue, the litigation. Defendant has not shown that plaintiffs have acted in bad faith.
Applying the five factors of the Restatement test, the trial court found that plaintiffs' breach was not material, and that finding was not in error. Defendant's third assignment of error is overruled, rendering defendant's first and second assignments of error moot. App.R. 12(A).
Both parties present assignments of error that concern the trial court's award of attorney fees to defendant for plaintiffs' breach. The trial court awarded attorney fees to defendant as compensatory damages for the period between the time of breach on August 9, 1996, and the decision of this court on March 31, 1997. Defendant's fourth assignment of error seeks to recover additional attorney fees from the time the settlement agreement was placed on the record, April 18, 1996, to the time of breach. Plaintiffs' first assignment of error contends the award of attorney fees was erroroneous because it violates Ohio law.
Defendant's fourth assignment of error is overruled. Any attorney fees incurred before the breach are fees defendant would have spent regardless of plaintiffs' breach; they were not caused by plaintiffs' breach, but were a necessary part of preparing the documents to memorialize the settlement agreement ending the litigation between the parties. Therefore, they are not recoverable. Metro. Life Ins. v. Triskett Ill, Inc. (1994),97 Ohio App.3d 228, 235 (requiring causation to award damages in a breach of contract claim).
Plaintiffs' first assignment of error contends the trial court violated Ohio law by awarding attorney fees to defendant. Attorney fees are generally not recoverable in contract actions.First Bank of Marietta v. L.C. Ltd. (Dec. 28, 1999), Franklin App. No. 99AP-304, unreported. Such a principle comports with the "American Rule" that requires each party involved in litigation to pay its own attorney fees in most circumstances. Sorin v. Bd. ofEdn. (1976), 46 Ohio St.2d 177, 179. As exceptions to that rule, recovery of attorney fees may be permitted if (1) a statute creates a duty to pay fees, (2) the losing party has acted in bad faith, or (3) the parties contract to shift fees. McConnell v.Hunt Sports Enterprises (1999), 132 Ohio App.3d 657, 699, citingPegan v. Crawmer (1997), 79 Ohio St.3d 155, 156.
While plaintiffs contend that an award of attorney fees in the present case would violate the American Rule, they fail to distinguish between cases in which attorney fees are awarded as costs and those in which the fees are awarded as part of the aggrieved party's damages. Cf. Allen v. Standard Oil Co. (1982),2 Ohio St.3d 122. While "the general `American rule' does not permit the prevailing party to recover attorneys fees, in the absence of statutory authorization, as part of the costs of litigation,"Sorin, supra, at 179, defendant does not assert entitlement to attorney fees as costs of the action. Rather, defendant seeks attorney fees as compensatory damages flowing from plaintiffs' breach of the settlement agreement.
The purpose of damages is to compensate a party for the injuries suffered and to make that party whole. Miller v. Irvine
(1988), 49 Ohio App.3d 96, 98; see, also, Lake Ridge Academy v.Carney (1993), 66 Ohio St.3d 376, 381 (noting that the sole purpose of contract damages is to compensate the nonbreaching party for losses suffered as a result of a breach). Damages may be awarded in addition to the remedy of specific performance when it is necessary to attain justice and equity and to administer the full relief which a case demands. Wyant v. Marble (June 25, 1997), Hamilton App. No. C-960655, unreported, citing Sandusky Propertiesv. Aveni (1984), 15 Ohio St.3d 273, 276; Gunsorek v. Addison (Jan. 24, 1991), Franklin App. No. 90AP-303, unreported. While parties generally are responsible for their own attorney fees, recovery is not precluded in all circumstances. Homes by Calkins, Inc. v.Fisher (1993), 92 Ohio App.3d 262, 273, citing S D Mech.Contrs. v. Enting Water Cond. (1991), 71 Ohio App.3d 228,241. "Legal fees may be recovered if the trier of fact determines that the fees are the legal consequences of the original wrongful act."Id. Thus, in Scheetz v. Aho (May 18, 1998), Stark App. No. 1997 CA-00335, unreported, the court upheld an award of attorney fees to plaintiff in a breach of contract case. While defendant there argued that the award was improper and in violation of the American rule, the court found that the award of fees was not an abrogation of the Rule but rather was "an award of compensatory damages as a direct result of appellant's breach of the purchase agreement." Id.
Similarly, but in another context, courts have allowed the recovery of attorney fees as compensatory damages where a party's wrongful breach has led to legal fees being incurred in a suit with a third party. S D Mech. Contrs., supra ("[T]he legal fees incurred in the third-party litigation against the VA are attributable to, and are the legal consequence of [defendant's] wrongful breach. They are thus recoverable as compensatory damages"); see, also, Dalessio v. Williams (1996), 111 Ohio App.3d 192,197 (Baird, J., dissenting) (noting that there is no serious doubt that "attorney fees can be an appropriate element of compensatory damages in a breach of contract case, where the fees have been incurred in defense of a claim by a third party which arises out of the breach of contract," a principle the majority in that case did not dispute). While not dispositive of the matter, these cases are instructive to the extent that they distinguish the recovery of attorney fees as compensatory damages rather than costs of the action.
The attorney fees that defendant incurred were the direct result of plaintiffs' breach of the settlement agreement.Dalessio, supra (noting that recovery of attorney fees as compensatory damages depend on a finding of a breach of contract). They were sought as compensatory damages, not simply as costs of the action, and the "American Rule" therefore does not apply. When a party breaches a settlement agreement to end litigation and the breach causes a party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim. Because defendant's attorney fees are attributable to and were incurred as the result of plaintiffs' breach of the settlement agreement, defendant is entitled to recover those fees in order to make whole and compensate him for losses caused by plaintiffs' breach. Lake Ridge Academy, supra. Plaintiffs' first assignment of error is overruled.
Plaintiffs' second assignment of error contends that if the trial court did not err in granting attorney fees to defendant, then the trial court erred in not awarding attorney fees to plaintiffs. If defendant may be awarded reasonable attorney fees as compensatory damages for fees incurred as the result of plaintiffs' breach of the settlement agreement, but defendant, too, has also breached the agreement, then reasonable attorney fees are also proper compensatory damages to plaintiffs to the extent defendant's breach of the agreement to cease litigation caused plaintiffs to incur attorney fees. Because the trial court did not award such fees to plaintiffs, plaintiffs' second assignment of error is sustained.
Finally, defendant's fifth assignment of error asserts the trial court erred in awarding plaintiffs prejudgment interest on $40,000 when judgment was entered against defendant for only $27,811.76. Defendant also contends that he should also be awarded prejudgment interest on his award of attorney fees, which would further reduce plaintiff's judgment.
R.C. 1343.03(A), in pertinent part, provides that:
 [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *.
Prejudgment interest "acts as compensation and serves ultimately to make the aggrieved party whole." Royal Electric Constr. Corp.v. Ohio State University (1995), 73 Ohio St.3d 110, 117. Prejudgment interest is to compensate the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court. Id. at paragraph one of the syllabus.
The parties do not dispute that plaintiffs are entitled to prejudgment interest. Rather, defendant contends that the amount such prejudgment interest should be calculated from is the net judgment of $27,811.76 rather than the $40,000 from which the trial court calculated the award of interest. In effect, defendant contends plaintiffs are not entitled to interest on money not owed to them. The Sixth District Court of Appeals addressed a similar issue in Shinaberry v. Kirshner (Jan. 13, 1995), Lucas App. No. L-94-012, unreported.
In Shinaberry, plaintiff had a $10,000 judgment against defendant, and defendant received a judgment on its counterclaim against plaintiff for $6,425. The trial court awarded both parties prejudgment interest on the entire judgments and then set off both judgments against each other. The appellate court reversed, finding only the party with the net judgment should receive prejudgment interest on that amount because "that is the amount that he was deprived of during the pendency of the litigation."Id., citing L.A. Gross Sons, Inc. v. Parisi (1990), 66 Ohio App.3d 697,700. See Signal Capital Corp. v. Metro Media Marketing, Inc. (Nov. 2, 1995), Franklin App. No. 95AP-119, unreported (concluding that prejudgment interest should be calculated on plaintiffs' net judgment).
Accordingly, on remand, the court will need to redetermine plaintiffs' damages pursuant to plaintiffs' second assignment of error, set off defendant's award against that amount, and award plaintiffs prejudgment interest on the difference between the two amounts. The trial court erred in misapplying the set off doctrine, and defendant's fifth assignment of error thus is sustained.
Having overruled defendant's third assignment of error, which renders moot his first and second assignments of error, and defendant's fourth and plaintiffs' first assignments of error, but having sustained defendant's fifth and plaintiffs' second assignments of error, we affirm in part and reverse in part the judgment of the trial court and remand to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
 __________________ BRYANT, JUDGE
TYACK and PETREE, JJ., concur.